IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03148-DDD-CYC

SHEMIA PARKER, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

TTEC HOLDINGS, INC.,

     Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

     Defendant TTEC Holdings, Inc. requests a stay of discovery pending resolution of its pending motion to dismiss. ECF No. 33. For the reasons that follow, the motion is granted in part and denied without prejudice in part.

## <u>BACKGROUND</u>

     In this purported class action, plaintiff Shemia Parker brings claims against the defendant on behalf of herself and purportedly on behalf of all other employees of the defendant, as well as the employees' beneficiaries, who participated in the TTEC Services Corporation Health and Welfare Benefit Plan and were required to pay a "tobacco surcharge" under the terms of the plan. ECF No. 27 ¶¶ 2, 9, 50. The plaintiff alleges that the defendant "employs tens of thousands of similarly situated individuals across the United States." *Id*. ¶ 52. In short, the plaintiff alleges that participants in the plan were required to pay a surcharge every pay period if they used tobacco products and that this surcharge violates various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq. Id.* ¶¶ 59–80.

In their motion to dismiss, the defendant argues that the case should be dismissed for lack of jurisdiction because the plaintiff lacks standing to bring this case and that the Amended Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* ECF No. 32. It requests that this case be stayed until the Court rules on the pending motion to dismiss. *See* ECF No. 33. The defendant also seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), staying the defendant's deadline to respond to written discovery requests served on it by the plaintiff, which are attached to the motion as exhibits. *Id*. at 10-11; ECF Nos 33-1 & 33-2.

To the extent the motion requests a protective order as an alternative to a stay, such disputes are governed by D.C.COLO.MJ VI. Pursuant to this rule, "a party may not file an opposed discovery motion without first complying with these discovery dispute procedures" and failure to do so "may result in the motion being stricken and the imposition of appropriate sanctions." D.C.COLO.MJ VI(1). This Court's discovery dispute procedure requires the parties to email chambers regarding a discovery dispute and to follow the other instructions found in D.C.COLO.MJ VI(4). The defendant did not do so in this case. Accordingly, to the extent the motion requests a protective order pursuant to Rule 26(c), it is denied without prejudice.

## **DISCUSSION**

Turning to the request for a stay, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "the power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254–55.

In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant[ ]; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule and courts in this District generally disfavor stays." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2029) (quotations marks omitted). Further, "a stay is not warranted merely because Defendant[ ] filed a Motion to Dismiss that [it] believe[s] is dispositive of this entire matter." *Id*. However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040 (3d ed. 2024); *see, e.g.,* *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

As an initial matter, the plaintiff makes arguments regarding the merits of the motion to dismiss. ECF No. 37 at 2–5. That motion has not been referral to the undersigned and the potential outcome of that motion does not factor into the Court's analysis of whether to grant a

stay. *See Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case.").

Turning to the *String Cheese* factors, the Court concludes that a stay is warranted.

With regard to the first factor, the potential prejudice to the plaintiff that could result from a delay, the plaintiff argues that most potential class members are "modestly paid" and any delay of this case would delay the class members' potential recovery. ECF No. 37 at 6. Certainly, the plaintiff herself has an interest in proceeding expeditiously and a stay could potentially prejudice her to the extent she seeks monetary damages and will be delayed in collecting if she prevails. This is similar to any plaintiff who seeks monetary damages. However, with regard to her allegation that the purported class is prejudiced because the surcharge continues to be collected from plan participants, *id.*, such an argument is not properly considered at this stage of this case. *Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (discussing arguments made with regard to the fourth *String Cheese* factor and noting that "it is premature for this court to attempt to address any potential class members who are not currently named plaintiffs"). The plaintiff's argument that a stay could result in a decease in evidentiary quality and witness availability, *id.* at 7, is overstated and is similar for any plaintiff opposing a stay. In all events, this factor weighs slightly against a stay.

The defendant argues that the burden on it if a stay is not granted will be significant given the nature of the case. Specifically, because this is a purported class action that alleges claims of breach of ERISA on behalf of a class of "tens of thousands of class members" from across the United States, the defendant avers that it will be significantly burdened if it is required to engage

in discovery before the motion to dismiss is decided. ECF No. 33 at 5–8. The defendant also

maintains that the written discovery requests the plaintiff served on it are "sweeping" and

responding to them before the court has determined that it has jurisdiction over this matter

"would impose great burdens and expenses on [it] that may ultimately be unnecessary or

significantly reduced" after the District Judge rules on the motion to dismiss. *Id.*; ECF No. 39 at

2. The plaintiff takes the position that the requested discovery is simply the ordinary burden any

defendant faces in a class action litigation. ECF No. 37 at 7.

"While the ordinary discovery burdens associated with litigation generally do not

constitute an undue burden, the breadth of class action discovery is likely to be significant in this

action, and thus [the defendant] would be subject to an elevated burden if the stay were not

granted." *Macias v. Sisters of Charity of Leavenworth Health Sys.*, No. 23-cv-01496-DDD-SBP,

2024 WL 1555061, at *4 (D. Colo. Apr. 10, 2024) (quotation marks omitted). For example, the

plaintiff's first interrogatory directed to the defendant reads:

> Identify all individuals likely to have discoverable information regarding the
> Tobacco Surcharge, including, Defendant's decision to implement the Tobacco
> Surcharge, the creation and distribution of documents regarding the Tobacco
> Surcharge to Participants and Beneficiaries, the decision to prorate the Tobacco
> Surcharge reimbursement (as opposed to providing full reimbursement), the
> decision to remove the Tobacco Surcharge for the remainder of the year upon
> completion of the Tobacco Cessation Program, the number of persons who have
> participated in and completed the Tobacco Cessation Program, and Defendant's
> collection and use of Tobacco Surcharge funds.

ECF No. 33-2 at 4. The plaintiff's first request for production seeks:

> Documents, electronically stored information, and tangible things that Defendant
> has in its possession, custody, or control and may use to support their claims or
> defenses, unless the use would be solely for impeachment.

ECF No. 33-1 at 4. These discovery requests exemplify the breadth of the requests to which the

defendant might be required to respond while the Court considers, among other things, its own

jurisdiction, should a stay not enter. Given the significant burden the defendant would face, *see*

5

*Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010) (finding a stay appropriate when the defendant would face a "significant" discovery burden because the class consisted of "up-to sixty-six individuals"), this factor weighs strongly in favor of a stay.

In addition, a stay would serve the Court's interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety. *See Grosvenor v. Qwest Commc'ns Intern., Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *2 (D. Colo. Apr. 1, 2010) ("The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation—where, as here, a dispositive motion is pending."). While the plaintiff argues that the Scheduling Order would need to be revisited and that Rule 1 should guide the Court's analysis, ECF No. 37 at 9, these arguments relate to the nature of a stay, not the particulars of this case. The third factor weighs in favor of a stay.

With regard to the interests of other parties, the plaintiff maintains that potential class members' interests would be undermined because current plan members and beneficiaries continue to have the tobacco surcharge withheld from their pay. *Id*. At this stage in the litigation, it would be premature for the Court to address the interests of potential class members. *Macias*, 2024 WL 1555061, at *4; *Minter*, 2021 WL 735910, at *9 (finding the fourth factor neutral and noting that "it is premature for this court to attempt to address any potential class members who are not currently named plaintiffs."). The plaintiff does not address any non-parties other than potential class members and the Court is not aware of any. Accordingly, this factor is neutral.

Finally, both parties argue that the public's interest is implicated here. ECF No. 33 at 10;

ECF No. 37 at 9–10. While the defendant mentions the public's interest in health-related issues, ECF No. 33 at 10, this argument is general and does not point the Court to a particular public interest that is implicated by a stay in this case. Similarly, the plaintiff's argument that the public has an interest in the enforcement of ERISA's provisions is broad and unspecific. The public's interest in this case is in an efficient and just resolution. "That goal will not be facilitated by this [C]ourt's diverting limited resources to the management of possibly unnecessary discovery disputes in a matter that portends the need for significant court involvement." *Macias*, 2024 WL 1555061, at *4. The fifth favor weighs in favor of a stay.

A balance of these factors favors a stay. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (noting that a plaintiff's "interest in proceeding expeditiously" can be "overcome by the burden" of "proceed[ing] with discovery only to have the case dismissed for lack of subject matter jurisdiction"). Therefore, good cause exists to impose a stay of discovery in this case until the District Judge rules on the pending motion to dismiss, ECF No. 32.

Given this decision, the portion of the motion requesting a protective order staying the defendant's deadline to respond to written discovery requests served on it by the plaintiff is moot. However, because it is being denied without prejudice for failure to comply with the Court's discovery dispute procedure, it need not also be denied as moot.

## <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss and for Protective Order Regarding Plaintiff's Recently Served Discovery Requests, ECF No. 33, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that this matter is **STAYED** pending further order of the Court. The deadlines set forth in the Court's Scheduling Order, ECF No. 20, are hereby **VACATED.**

It is further ORDERED that the defendant shall file a motion asking the Court to set a Scheduling Conference within **seven days** of the District Judge's ruling on the motion to dismiss, ECF No. 32, should the plaintiff's claims survive.

Entered and dated this 13th day of June, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge